UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Antwoyn Terrell Spencer, | Case No. 20-cv-2226 (NEB/TNL) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| United States Department of Justice; William Barr, United States Attorney General; Erica H. McDonald, United States Attorney; and Jeffrey S. Paulsen, Assistant United States Attorney, | |
| Defendants. | |

---

This matter is before the Court for review of plaintiff Antwoyn Terrell Spencer's complaint pursuant to 28 U.S.C. § 1915A ("The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."). Under § 1915A(b),

> the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint —
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

Spencer raises two claims in this action, both of which relate to his conviction in this District on drug offenses and money laundering and his subsequent 324-month sentence. *See United States v. Spencer*, 07-CR-0174 (1) (JRT/JJG) (D. Minn). First,

1

Spencer alleges that he was not properly indicted by grand jury as required under the Fifth Amendment of the Constitution.  Second, Spencer argues that he was wrongfully denied — and that the defendants wrongly opposed — his request for a sentencing reduction under the First Step Act of 2018.  On both claims, Spencer requests that a writ of habeas corpus be issued, that he be released from prison, that the attorneys who prosecuted his action be fired, and that he receive $500 million in damages.

As an initial matter, this Court notes the procedural ambiguity in Spencer's pleading: the document is labeled as a "complaint" bringing civil-rights claims under 42 U.S.C. § 1983,[1] but part of the relief sought by Spencer (release from detention) is properly brought through habeas corpus, and he expressly requests a writ of habeas corpus among the remedies sought.  Ultimately, though, the distinction between civil claims and habeas corpus claims does not matter, because Spencer's claims should not go forward regardless of whether his pleading is characterized as raising either civil claims or habeas corpus claims.

First, as to the civil claims: Spencer's claims necessarily imply the invalidity of his conviction and sentence, and are therefore barred by the doctrine set forth in *Heck v. Humphrey*:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct

---

[1] Spencer brings this action against federal officials, and thus his claims are more properly characterized as arising under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

> appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

512 U.S. 477, 486-87 (1994); *accord Whitmore v. Harrington*, 204 F.3d 784, 784-85 (8th Cir. 2000) (per curiam) (applying *Heck* to claim brought under *Bivens*); *Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996) (noting that *Heck* also applies to forms of relief other than monetary damages). The final judgment in Spencer's criminal matter remains facially valid, and until Spencer otherwise calls that judgment into question, he cannot challenge the judgment through an action raising civil (i.e., non-habeas) claims.

Even if *Heck* were not a barrier to civil relief for Spencer, prosecutorial immunity would be. Each of the four individuals named to this action[2] has been so named due to their direct or supervisory role in Spencer's prosecution and post-judgment criminal proceedings. But prosecutors are absolutely immune from suit for their actions taken as an advocate for the government in a criminal prosecution. *See, e.g.*, *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266-67 (8th Cir. 1996).

What, then, of the habeas corpus claims (to the extent that any of the claims are raised as habeas corpus claims)?[3] To begin, Spencer has not named a proper habeas

---

[2] A *Bivens* action can only be maintained against persons, not federal agencies. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 485-86 (1994). Accordingly, Spencer cannot proceed on claims under *Bivens* brought against the United States Department of Justice.

[3] This Court may review any habeas claims presented by Spencer pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Although Spencer's habeas claims would not be subject to § 2254, the Rules Governing Section 2254 Cases may nevertheless be applied to his claims. *See* Rule 1(b).

respondent to this action. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[T]he default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official."). Even leaving that problem aside, however, Spencer's first claim, if presented in habeas corpus, would be barred by the exclusive-remedy rule of 28 U.S.C. § 2255(e), which requires such claims to be brought pursuant to § 2255 rather than in a petition for a writ of habeas corpus.[4] Spencer's second claim, even if cognizable in habeas corpus, is premature. The sentencing court explained fully why, in its view, Spencer was not eligible for relief under the First Step Act, *see Spencer*, No 07-CR-0174 (1), ECF No. 458 (D. Minn. July 26, 2019). The appropriate next step — and the step that Spencer has taken — is to direct an appeal of that decision of the sentencing court to the United States Court of Appeals for the Eighth Circuit. Spencer's appeal remains pending. *See United States v. Spencer*, No. 19-2685 (8th Cir.). If Spencer is correct that he is entitled to relief under the First Step Act, then his appeal will be sufficient to vindicate that position.

For all these reasons, it is recommended that this matter be dismissed without prejudice. *See Gautreaux v. Sanders*, 395 Fed. App'x 311, 312 (8th Cir. 2010) (noting that claims barred by *Heck* should be dismissed without prejudice); *DeSimone v. Lacy*, 805 F.2d 321, 323-24 (8th Cir. 1986) (exclusive-remedy rule of § 2255(e) is jurisdictional).

---

[4] Spencer knows this; he has filed so many habeas petitions in this District challenging the validity of his conviction that he is now barred from bringing new litigation without the prior authorization of a judicial officer. *See Spencer v. Watson*, No. 17-CV-3999 (SRN/LIB), ECF No. 8 (D. Minn. Jan. 22, 2019). Spencer raised a substantially similar claim in the habeas action that led to the imposition of filing restrictions (the claim was dismissed under the exclusive-remedy rule). *Id*.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE**.

Date: December     22    , 2020          *s/ Tony N. Leung*
                                          Tony N. Leung
                                          United States Magistrate Judge
                                          District of Minnesota


*Spencer v. United States Department of Justice et al.*
Case No. 20-cv-2226 (NEB/TNL)

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).