# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| ANTWOYN TERRELL SPENCER, | Case No. 20-CV-2226 (NEB/TNL) |
| Plaintiff, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION |
| UNITED STATES DEPARTMENT OF JUSTICE; WILLIAM BARR, United States Attorney General; ERICA H. MACDONALD, United States Attorney; MICHAEL L. CHEEVER, Assistant United States Attorney; JEFFREY S. PAULSEN, Assistant United States Attorney, | |
| Defendants. | |

In 2009, a jury convicted Antwoyn Terrell Spencer of drug offenses and money laundering and he was sentenced to 324 months in prison. *United States v. Spencer*, No. 07-CR-174 (JRT/JJG), ECF No. 294 (D. Minn. Jan. 15, 2009). A decade later, Spencer brought a motion seeking to reduce his sentence under the First Step Act of 2018. *Id.* ECF No. 443. The sentencing court denied this motion. *Id.* ECF No. 458 (D. Minn. July 26, 2019). Spencer now brings a civil complaint against the United States Department of Justice ("DOJ"), former United States Attorney General William Barr, United States Attorney Erica H. MacDonald, and Assistant United States Attorneys ("AUSAs") Michael L. Cheever and Jeffrey S. Paulsen. (ECF No. 1.) In his Complaint, Spencer alleges that both his conviction

and the denial of his First Step Act motion violated the Fifth Amendment's Due Process clause. He seeks, among other things, a writ of habeas corpus, money damages, immediate release from prison, and an order from the Court directing former Attorney General Barr to fire AUSA Paulsen. (*Id.* at 3.)

In his December 22, 2020 Report and Recommendation ("R&R"), United States Magistrate Judge Tony N. Leung recommends that the Court dismiss Spencer's Complaint without prejudice. (ECF No. 8 ("R&R").) Spencer filed an objection to Judge Leung's R&R. (ECF No. 11.) The Court conducts a *de novo* review of the parts of the R&Rs to which Spencer objects. 28 U.S.C. § 636(b)(1); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995). For the reasons that follow, the Court accepts the R&R and dismisses Spencer's Complaint without prejudice.

## ANALYSIS

Under 28 U.S.C. Section 1915A(b), a court may dismiss a prisoner's complaint seeking redress from a government entity or an officer of the government if the complaint is "frivolous . . . or fails to state a claim upon which relief may be granted" or if it "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

As a threshold matter, it is not clear whether Spencer is bringing civil claims under 42 U.S.C. § 1983[1] or as a petition for a writ of habeas corpus. The Complaint appears to

---

[1] As Judge Leung noted, because these claims are brought against federal officials, they are better characterized as *Bivens* claims. (R&R at 2 n.1); *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics*, 403 U.S. 388 (1971).

2

be styled as both, and Judge Leung analyzed both claims. (R&R at 2–4.) Spencer, in his objection, asserts that he is bringing only civil claims, (ECF No. 11 at 5), but also makes arguments in favor of a writ of habeas corpus. (ECF No. 11 at 4, 7–8.) Because of this inconsistency, the Court, like Judge Leung, will analyze Spencer's Complaint as including both civil claims and habeas corpus claims.

I. **Civil Claims**

Construed as including civil claims, Spencer's Complaint fails under the doctrine announced in *Heck v. Humphrey*, 512 U.S. 477 (1994).[2] Under *Heck*, a court must dismiss a complaint from a plaintiff convicted of a crime if ruling in the plaintiff's favor would call into question the validity of his conviction or sentence, unless the inmate can show that the conviction or sentence has already been invalidated.[3] *Id.* at 487. Spencer makes no argument that his conviction or sentence have been invalidated, nor could he. Further, judgment in favor of Spencer would necessarily imply that his conviction or sentence were invalid because he argues that he was unconstitutionally convicted and denied a

---

[2] *Heck* was a Section 1983 case, but the doctrine announced in *Heck* is equally applicable to Spencer's *Bivens* claims. *Washington v. Sorrows*, 107 F.3d 876, 1997 WL 71670, at *1 (8th Cir. 1997) (per curiam) (unpublished table decision); *see generally Solomon v. Petray*, 795 F.3d 777, 789 n.7 (8th Cir. 2015) (noting that section 1983 claims and *Bivens* claims are almost identical and generally involve the same analysis) (citation omitted).

[3] Instances where an inmate's section 1983 claim would not fail under *Heck* include when the inmate can prove that: "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 487.

resentencing under the First Step Act. (ECF No. 1 at 1–2.) A finding in favor of Spencer on either of these claims would mean that his conviction or sentence were constitutionally defective. As such, *Heck* bars Spencer's civil claims.

Even if *Heck* did not bar Spencer's claims, they would nevertheless fail because the named defendants are immune from suit. Prosecutors are absolutely immune from civil suits for damages based on actions they take to prosecute a case. *Forste v. Hensley*, 405 Fed. App'x 94, 95 (8th Cir. 2010) (citing *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)); *Thompson v. Walbran*, 990 F.2d 403, 404 (8th Cir. 1993). Additionally, a plaintiff may not bring a *Bivens* claim against a federal agency. *F.D.I.C. v. Meyer*, 510 U.S. 471, 484–86 (1994). Therefore, Spencer's civil claims are not viable.

## II. Habeas Corpus

Spencer's claims also fail when construed as seeking a writ of habeas corpus. Spencer's first claim, that he was improperly indicted, must be brought, if at all, under 28 U.S.C. section 2255. 28 U.S.C. § 2255(e); *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) ("It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . ."). An application for habeas corpus should not be entertained if the prisoner has not made a section 2255 motion before the sentencing court or if the sentencing court has already denied the prisoner relief under section 2255. 28 U.S.C. § 2255(e). Spencer has already brought a motion to vacate under section 2255, and the sentencing court denied this

motion, *United States v. Spencer*, No. 7-CR-174 (JRT/JJG), ECF Nos. 338, 363 (D. Minn. Apr. 15, 2011), so he may not bring a similar motion here.

Section 2255 also bars Spencer's claim that United States Attorney MacDonald and AUSA Cheever violated his Due Process rights by opposing his First Step Act motion, because Spencer has not brought a section 2255 motion before the sentencing court alleging that the prosecutors' actions violated his Due Process rights.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The Report and Recommendation (ECF No. 8) is ACCEPTED; and

2. Spencer's Complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 24, 2021                BY THE COURT:

                                                                      s/Nancy E. Brasel
                                                                      Nancy E. Brasel
                                                                      United States District Judge